JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>        Plaintiff,<br><br>   vs.<br><br>HATHAWAY DINWIDDIE CONSTRUCTION COMPANY,<br><br>       Defendant. | Case No.: 2:20-cv-06741-MCS-PVC<br><br>**CONSENT DECREE; ORDER** |

# I.

## INTRODUCTION

Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") and Defendant Hathaway Dinwiddie Construction Company ("Hathaway" or "Defendant") ("Parties") hereby stipulate and agree to entry of this Consent Decree ("Decree") to fully and finally resolve Plaintiff's complaint against Defendant in *U.S. Equal Employment Opportunity Commission v. Hathaway Dinwiddie Construction Company*; Case No. 2:20-CV-06741-MCS-PVC ("Action"). On July 28, 2020, Plaintiff filed this Action in the United States District Court, Central District of California, alleging a violation of Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 ("Title VII"). The Action alleged that Defendant failed to take prompt and effective remedial action to respond to racial harassment claims made by Charging Party Taiwan Childs ("Charging Party" or "Childs") and a class of similarly situated Black and Hispanic / Latino workers employed at the USC Village Project in Los Angeles, California, between August 25, 2015 and the Effective Date of this Decree ("Claimants"). "Identified EEOC Claimants" shall refer to the Claimants known and identified by the EEOC. The remaining Claimants shall be referred herein as "Unidentified EEOC Claimants" or "Potential Claimants."

Defendant denies each and every allegation asserted in the EEOC's Complaint and nothing in the EEOC's Complaint, this Consent Decree or any affiliated document constitutes an admission of liability by Defendant.

## II.

## PURPOSES AND SCOPE OF THE CONSENT DECREE

The Parties agree that this Action will be fully and completely resolved by entry of this Consent Decree. The Decree is made and entered into by and between the EEOC and Defendant and shall be binding on and enforceable against Defendant, agents and assigns. The Parties have entered into this Decree for the following purposes:

A.     To provide monetary and injunctive relief;

B.     To ensure Defendant's employment practices comply with federal law;

C.     To ensure that Defendant maintains a work environment free from discrimination and retaliation, especially as it relates to racial harassment;

D.     To modify Defendant's policies, procedures and practices regarding employment discrimination, if necessary;

E.     To ensure training for Defendant's employees, managers, supervisors, human resources personnel and its officers and owners with respect to the pertinent laws regarding racial harassment, discrimination and retaliation;

F.     To provide an appropriate and effective mechanism for handling complaints of racial harassment, discrimination, and retaliation;

G.     To ensure appropriate record-keeping, reporting and monitoring; and

H.     To avoid the expense and uncertainty of further litigation.

## III.

## RELEASE OF CLAIMS

A.     This Decree fully and completely resolves all issues, claims and allegations the EEOC raised or could have raised against Defendant, its contractors and subcontractors, on behalf of USC Village Project workers, through the date which terminates the Class Fund Claims process, described in Section VIII. There are no racial or national origin discrimination, harassment or retaliation charges from USC Project workers other than that filed by Charging Party Taiwan Childs, an employee of a Hathaway subcontractor, who filed an administrative charge at the EEOC in 2016, which provided the basis for the EEOC's Complaint and this Decree.

B.     Nothing in this Decree shall be construed to limit or reduce Defendant's obligation to comply fully with Title VII or any other federal employment statute.

C.     Nothing in this Decree shall be construed to preclude the EEOC from bringing suit to enforce this Decree in the event that any party fails to perform the promises and representations contained herein.

D.     This Decree does not affect the EEOC's right to bring, process, investigate or

litigate other charges that may exist or may later arise against Defendant in accordance with standard EEOC procedures.

## IV.
## JURISDICTION

A.      The Court has jurisdiction over the Parties and the subject matter of this litigation. The Action asserts claims that, if proven, would authorize the Court to grant the equitable relief set forth in this Decree.

B.      The terms and provisions of this Decree are fair, reasonable and just.

C.      This Decree conforms to the Federal Rules of Civil Procedure and Title VII and does not compromise the rights or privileges of any person.

D.      The Court shall retain jurisdiction of this Action during the duration of the Decree for the purposes of entering all orders, judgments, and decrees that may be necessary to implement the relief provided herein.

## V.
## EFFECTIVE DATE AND DURATION OF DECREE

A.      The provisions and agreements contained herein are effective immediately upon the date which this Decree is entered by the Court ("Effective Date").

B.      Except as otherwise provided herein, this Decree shall remain in effect for two (2) years after the Effective Date. Should the Claims Process and Distribution in Section VII exceed the term of the Decree, the parties agree that the EEOC may continue to direct distribution until the Class Fund is exhausted.

C.      The Defendant can request to end its obligations under the Consent Decree by January 30, 2023 before the expiration of the full two-year term of the Consent Decree. Defendant shall submit a request no earlier than December 9, 2022 to the Monitor to prepare a report as to whether Defendant is in full compliance of its obligations under the Consent Decree.

The Monitor shall submit a report and recommendation by January 3, 2023 as to whether the sunset provision should be invoked. If the monitor reports that Defendant is

in full compliance with all the provisions of the Consent Decree and recommends ending the Defendant's obligations under Consent Decree, then the Monitor's report due by January 3, 2023 shall be the last report and Defendant's obligations under the Consent Decree shall sunset on January 30, 2023.

## VI.

## MODIFICATION AND SEVERABILITY

A.     This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein. No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each Party.

B.     If one or more provisions of the Decree are rendered unlawful or unenforceable, the Parties shall make good faith efforts to amend the Decree and the remaining provisions will remain in full force and effect.

C.     By mutual agreement of the Parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions herein.

## VII.

## COMPLIANCE AND DISPUTE RESOLUTION

A.     If the EEOC believes Defendant has failed to comply with any provision of this Consent Decree, it may bring an action before this Court to enforce the Decree. Prior to initiating such action, the EEOC will notify Defendant's legal counsel of record, Mark Ogden at Littler Mendelson, in writing, of the nature of the dispute. The notice shall specify the particular provision(s) that the EEOC believes Defendant has violated or breached. Defendant shall have twenty-one (21) days from receipt of the written notice to attempt to resolve or cure the alleged breach. The Parties may agree to extend the period to address the EEOC's concerns.

B.     The Parties will cooperate with each other and use their best efforts to resolve any dispute referenced in the EEOC notice.

C.     After thirty (30) days, inclusive of the twenty-one (21) days to resolve or cure the

breach, if the Parties have reached no resolution or agreement to extend the time further, the EEOC may petition this Court to resolve the dispute, seeking all available relief, including an extension of the term of the Decree and any other relief the court deems appropriate.

**VIII.**

**<u>MONETARY RELIEF</u>**

A.       In settlement of this lawsuit with the EEOC, Defendant agrees to pay a total of $725,000. The EEOC has sole discretion to determine eligibility, characterization, and amount of money paid to the EEOC Claimants. In addition to the EEOC claimants, 27 additional individuals represented by private counsel have had their monetary claims resolved. However, because these individuals also are represented by the EEOC, they are considered to be covered by the injunctive remedies, including the anti-retaliatory provisions, of this Consent Decree.

B.       <u>Claims Administrator</u>

   1.       Defendant has engaged a specific professional individual or organization ("Claims Administrator"), Mr. Christopher Longley, Atticus Administration, 1250 Northland Drive, Suite 240, Medota Heights, MN 55120, approved by the EEOC, to oversee the distribution of the Fund to Claimants as designated by the EEOC pursuant to this Decree. If the Claims Administrator initially appointed by Defendant thereafter declines to serve or to carry out its duties under this Decree, Defendant shall have ten (10)  business days to notify the EEOC in writing of the need for a replacement Claims Administrator and the Defendant shall select a replacement.

   2.       Defendant shall ensure payment of all costs associated with the selection and retention of the Claims Administrator as well as the performance of the Claims Administrator's duties under this Decree and beyond the term of this Decree.

C.       <u>Payments to Identified EEOC Claimants</u>

   The EEOC provided Defendant with an initial Distribution List designating initial payments to the Identified EEOC Claimants in which $150,000 from the $725,000 has

already been distributed. The remaining amount of $575,000.00 will be paid on or before September 30, 2021 and thereafter distributed to the Identified and Unidentified EEOC Claimants ("EEOC Class Fund"). The Distribution List specified the name, address, and amount for each Identified Claimant. The Claims Administrator has forwarded via first class mail the initial payment checks from the the EEOC Class Fund in the amounts designated in the EEOC's Distribution List.

If the EEOC later in the claims process decides another distribution or distributions from the EEOC Class Fund to the Identified Claimants, the EEOC shall provide Defendant and Claims Administrator a Distribution List(s) designating payment to the Identified EEOC Claimants. The Distribution List(s) will specify the name, address and amount for each claimant. Within twenty (20) days of receiving the EEOC's Distribution List(s), Defendant or the Claims Administrator shall forward, via first class mail, any check(s) from the EEOC Class Fund in the amounts designated in the EEOC's Distribution List. Within three (3) business days of mailing the aforementioned payment(s), Defendant or its Claims Administrator shall submit a copy of any check(s) and any related correspondence to Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, California 90012.

As determined by the EEOC, payments to Identified EEOC Claimants will be paid by a non-wage compensation check for damages in the form of emotional pain and suffering. Defendant or its Claim Administrator shall prepare and distribute an IRS Form 1099 for each payment and shall make any appropriate report(s) to the Internal Revenue Service and other tax authorities.

D.    Claims Notice Process for Unidentified EEOC Claimants

1.    On or before August 31, 2021, Defendant shall provide to the Claims Administrator and the EEOC a list of all current and former workers it has compiled by exercising reasonable diligence, with identifying information (address, phone numbers, emails and other information to assist in reaching the individuals) who: (1) worked at the

USC Village Project between August 25, 2015 to August 30, 2017; (2) were employed by a Hathaway contractor or subcontractor; and (3) are Black/African American or Hispanic ("Potential Claimants"). The parties recognize that some of the contractors may no longer be in business. After receiving the Potential Claimant List, within twenty (20) days thereafter, the Claims Administrator shall do the following for any Potential Claimant:

       a.     The Claims Administrator shall determine the validity of each Potential Claimant's most recent address, utilizing the National Change of Address Database or an equivalent database to determine the most current address for each potential claimant.

       b.     The Claims Adminstrator will then send to potential Claimants the Questionnare and Notice which will be provided by the EEOC. The Claims Adminstrator may provide the notice via mail and also develop an online claims process.

    2.     The EEOC will provide a copy of the Notice and claim form to Defendant prior to providing it to the Claims Adminstrator. Defendant may provide feedback within ten (10) days before the EEOC submits the documents to the Claims Adminstrator. The mailed notice shall have instructions on how to file a claim online or via mail with the Claims Administrator. The Claims Adminstrator shall create an online claims process that will be accessible to both Defendant and the EEOC.

    3.     The Claims Administrator shall:

       a.     Provide to the EEOC certification that the Claims Administrator mailed the Notice to each potential Claimant;

       b.     Instruct the USPS to notify the Claims Administrator of any undeliverable Notices; and

       c.     Should any letters be returned undeliverable, within twenty (20) days of any Notice being returned to sender as undeliverable, the Claims Administrator shall:

i.      research potential Claimant's most recent address and further use its best efforts, including a search of a database such as Accurint, to locate the individual's current contact information. If the Claims Administrator finds a more recent address for any such employee, resend the Notice to the new address; and/or if the Claims Administrator fails to find a more recent address for any such individual, the Claims Administrator shall, within thirty (30) day intervals following the re-mailing of the Notice provide to the EEOC information outlining efforts to locate the potential Claimants.

ii.      Defendant shall also provide the Claims Administrator electronic mail addresses, if available, for these individuals and the Claims Administrator shall send Notices via electronic mail addresses.

iii.      The Claims Administrator will work with the EEOC to ensure that information relating to Potential Claimants is communicated on an ongoing basis.

E.      Claims Distribution Process

At thirty (30) days after mailing all of the Notices to the Potential Claimants, the Claims Administrator shall forward to the EEOC and Defendant any responses received from Potential Claimants. All responses shall be provided to the EEOC on a rolling basis thereafter. The Claims Administrator shall provide the EEOC electronic access to the claims filed on-line and the paper responses. Based on responses to the Notice, the EEOC will determine the eligibility of each Potential Claimant to participate in the Class Fund by evaluating the nature of the claims made by each Potential Claimant and determining his tier of eligibility for monetary relief from the Class Fund. The EEOC shall have the sole discretion to determine eligibility and the amount of the Class Fund to be distributed to each Potential Claimant. The Distribution List shall state the Potential Claimant's name and the amount to be paid to each. The EEOC has designated the Class Fund to be non-wage compensation as damages for emotional pain and suffering. The Claims Administrator shall prepare and distribute an IRS Form 1099 to each Claimant and copies to the Internal Revenue Service and other tax authorities along with a copy to the EEOC.

Upon receipt of the Distribution List(s):

1.	If the EEOC determines any circumstance will cause a potential Claimant inequity, the EEOC may issue a subsequent Distribution List(s).

2.	The Claims Administrator will notify the Potential Claimants of their selection as Claimants as determined by the EEOC and mail the release of claims to them for signature and return to the Claims Adminstrator.

3.	Once the Claims Adminstrator receives the signed releases from those identified on the Distribution List(s), the Claims Administrator shall direct the escrow agent within ten (10) days to forward a check from the Class Fund via first class mail in the full amount set forth in the Distribution List for each Claimant. Each check will remain valid for 180 days. To the extent the checks need to be reissued, the parties will communicate with the Claims Administrator. At least every thirty (30) days after the Claims Administrator issues checks pursuant to the Distribution List, the Claims Administrator shall provide the EEOC with a copy of each canceled check and identify any check not negotiated and/or returned non-negotiated to the Claim Administrator, to enable the Parties to track remaining funds for redistribution. The Claims Administrator will also notify the EEOC of anyone who has not signed a release. The Claims Administrator and the EEOC will work together with respect to reissuance of checks to achieve equitable results.

4.	The EEOC may subsequently issue a Distribution List(s) as necessitated by further notice from the Claims Administrator that any check issued to a Claimant was not negotiated within 180 days after issuance and/or was returned non-negotiated to the Claims Administrator.

5.	On a quarterly basis throughout the duration of this Decree, the Claims Administrator will notify the EEOC of any funds remaining in the Fund and which Claimant has not claimed the money. The EEOC shall make reasonable  efforts to provide the Final Distribution List before the Consent Decree expires but can continue to

direct distribution as set forth under Section VIII and Defendant shall continue to fund the claims adminstrator until the distribution is completed.

## IX.
## GENERAL INJUNCTIVE RELIEF

A.     Anti-Discrimination

Defendant, its owners, officers, management, including supervisory and lead employees and human resources personnel, successors and assigns are hereby enjoined from: (a) harassing any person on the basis of his/her race; (b) engaging in or being a party to any action, policy, or practice that discriminates and/or creates a hostile work environment on the basis of an employee's race; and/or (c) creating, facilitating, or permitting the existence of a work environment that is hostile to its employees on the basis of race.

B.     Anti-Retaliation

Defendant, its officers, agents, management, including supervisory and lead employees and human resources personnel, successors and assigns are hereby enjoined from implementing or permitting any action, policy or practice that subjects any current or former employee or applicant to Defendant to retaliation because he or she has in the past, or during the term of this Decree:

1.     Opposed any practice made unlawful under Title VII;

2.     Filed a charge of discrimination alleging such practice;

3.     Testified or participated in any manner in an internal or external investigation or proceeding relating to this case or any claim of a violation of Title VII;

4.     Was identified as a possible witness or claimant in this Action;

5.     Asserted any right under this Decree;

6.     Sought and/or received any relief in accordance with this Decree;

7.     Is associated with an employee who has engaged in the activities set forth in this Section IX.B.

This anti-retaliation provision includes, but is not limited to, a prohibition on

Defendant and all of its officers, management, supervisory lead employees and human resources employees from providing a negative reference to or about any claimant to this Action including to contractors and subcontractors because of any of the reasons set forth in the preceding paragraph. If Defendant provides a reference to a prospective employer for a former employee, it will be "neutral," confirming dates of employment and position(s) held at Defendant, excluding a reference that claimant participated in this Action. Further, no mention shall be made to any of Defendant's contractors/sub-contractors or any of their officers, agents, or employees that any claimant participated in this Action.

Further, this anti-retaliation provision includes, but is not limited to, a prohibition against Defendant and all of its officers, management, supervisory and lead employees, from refusing to hire or rehire any claimant in this Action because of his/her participation in this Action.

## X.

## SPECIFIC INJUNCTIVE RELIEF

A.  Equal Employment Opportunity Monitor

1.  Defendant has retained a third-party Equal Employment Opportunity Monitor ("Monitor") with demonstrated experience in the areas of preventing and combatting racial discrimination and harassment in the workplace. The Monitor shall monitor Defendant's compliance with Title VII and the provisions of this Decree.

2.  Defendant selected and the EEOC approved Fred Alvarez, at Coblentz, Patch, Duffy & Bass, LLP, 1 Montgomery Street, Suite 300, San Francisco, California, 94104 to serve as an EEO Monitor.

3.  The Monitor's responsibilities shall include:

a.  Reviewing, revising, and/or creating Defendant's policies, procedures and practices, if necessary, to ensure compliance with Title VII. Specifically, the Monitor will review and if necessary, revise Defendant's employment policies to ensure that Defendant's policies clearly prohibit discriminatory or retaliatory conduct.

The Monitor shall review, revise and/or create policies, procedures and practices ensuring that Defendant will quickly and effectively respond to claims of racial harassment, that Defendant has appropriate complaint procedures in place and that Defendant's policies conform with Title VII and the provisions of this Decree;

b.     Ensuring that effective training with an interactive component is provided to Defendant's employees regarding their rights and responsibilities under Title VII including, but not limited to, Defendant's responsibilities to provide a workplace free of discrimination and harassment based on race, to quickly and effectively respond to claims of racial harassment, reviewing Defendant's policies and procedures regarding the racial discrimination and harassment, the prohibition on retaliatory conduct against an employee for complaining about racial discrimination or harassment and reviewing Defendant's policies and procedures for making a complaint of racial discrimination or harassment or Title VII retaliation and an employee's right to make such a complaint;

c.     Ensuring effective training with an interactive component is provided to Defendant's supervisory and managerial employees including, but not limited to, any staff whose job includes human resources functions, to ensure Defendant's supervisory and human resources staff understand their responsibilities with regard to complying with Title VII, Defendant's policies, procedures and practices implemented to prevent and correct racial discrimination, harassment, retaliation and compliance with this Decree. For example, the Monitor shall ensure that supervisors are properly trained regarding their responsibility to quickly and effectively respond to any claims of racial harassment or discrimination and to actively discourage such conduct;

d.     Ensuring that effective training is provided to Defendant's Human Resources employees including, but not limited to, how to investigate complaints of discrimination, harassment and retaliation, how to take preventative and corrective measures against discrimination, harassment and retaliation and how to recognize and stop harassment, discrimination and retaliation;

e.     Ensuring that Defendant creates a centralized system of tracking

discrimination complaints and steps taken with respect to the complaint and monitoring Defendant's investigation of all complaints of racial discrimination, harassment and retaliation to ensure compliance with Title VII. The Monitor's duties with respect to complaints will also include ensuring that Defendant properly communicates with complainants regarding the complaint procedure, status and results of the investigation;

        f.     Monitoring and providing feedback to Defendant regarding the investigation of any complaint of discrimination, harassment or retaliation to ensure compliance with Title VII and this Decree;

        g.     Ensuring that Defendant properly communicates with complainants as required by this Decree;

        h.     Ensuring that Defendant's performance and discipline policies hold managers, including human resource personnel, accountable for failing to take appropriate action regarding verified complaints and/or handling of complaints, as determined by the Monitor,  regarding discrimination,  harassment or retaliation or for engaging in conduct prohibited under Title VII or this Decree;

        i.     Ensuring that a claimant's employment opportunities are not adversely impacted by his/her participation in this Action. This responsibility shall require the Monitor to contact each claimant identified by the EEOC and presently employed by Defendant, its contractor or subcontractor, at least annually for the duration of the Decree. At the first contact with each claimant, the Monitor shall state his availability to accept and review any claims of discrimination, harassment or retaliation regarding the claimant's participation in this Action;

        j.     At least <u>quarterly</u> through the term of the Decree, conducting and documenting an audit of any complaints of racial discrimination, harassment or retaliation by Defendant's employees or complaints at the worksite made to Defendant and reporting the findings to Defendant;

        k.     Preparing an <u>annual</u> report to EEOC on Defendant's progress and compliance under this Decree;

l.     Ensuring that Defendant's reports required by this Decree are accurately compiled and timely submitted;

m.     Monitoring and ensuring the retention and maintenance of any documents or records required by this Decree;

n.     Monitoring and ensuring the distribution of any documents and Notice Posting as required by this Decree; and

o.     Otherwise ensuring Defendant's compliance with this Consent Decree and Title VII.

4.     Defendant shall bear all costs associated with the selection and retention of the Monitor and the performance of his duties.

B.    <u>EEO Compliance Audits</u>

1.     The Monitor shall conduct an annual audit at one of Defendant's sites to ensure that Defendant's supervisors, managers, and human resources employees are complying with this Decree and to encourage employees to report problems of harassment, discrimination, or related retaliation.

2.     The Monitor shall speak with individuals identified in Section X(A)(3) (j) (worksite employees who complained to Defendant) to ensure compliance with anti-harassment, discrimination and retaliation policies and procedures. The audits will be conducted outside the presence of management, supervisors and leads. Audits will be accompanied by a report to Defendant about employee feedback. Results of the audits will be reported to Defendants.

3.     The Monitor shall review all complaints of harassment and the measures taken in response to any such complaints. After the Monitor reviews any complaints, the Monitor shall also conduct an audit in any areas that appear to require a fuller examination of the complaints. The Monitor shall recommend appropriate corrective measures for any complaint and identify appropriate preventative steps to avoid reoccurrence of the same or similar issues.

4.     The Monitor shall conduct a physical review of one of Defendant's sites at

least once per year to ensure that no racial graffiti is present. If any such graffiti is present, or if the Monitor uncovers any other form of racial harassment taking place at Defendant's site, the Monitor shall consult with Defendant to determine what steps have been taken to combat the racial harassment and recommend a course of action to eradicate the offending conduct.

5.      The results of the audit shall be evaluated by the Monitor and submitted to the EEOC in the annual report as set forth below.

C.      Policies and Procedures

1.      Scope

Defendant shall implement the policies set out in Section X.C.2 to apply to all of its employees. Defendant shall urge all contractors and subcontractors it hires to implement and enforce their own policies and procedures that parallel those Defendant shall implement and enforce, as set out in Section X.C.2, including training of their employees related to race harassment, discrimination and retaliation. Defendant shall require each of its contractors and subcontractors to provide written verification that it has a policy and procedure which forbids unlawful workplace discrimination, harassment and retaliation, it investigates and resolves employee complaints and provides training regarding those subjects.

2.      Revision of Policies and Procedures, If Necessary

With the assistance of the Monitor, Defendant will review, revise (if necessary), distribute and implement its policies and procedures regarding compliance with Title VII to its employees at its worksites, including prevention of racial discrimination and harassment, methods for quickly and effectively responding to racial discrimination and harassment, including discipline for those found to have engaged in racial discrimination, racial harassment, or retaliation. The specific policies and procedures shall include:

a.      A clear and express prohibition forbidding Defendant's employee from engaging in any racial harassment, discrimination or retaliation;

b.      Assurance that Defendant shall hold employees, including

management, supervisory, lead and human resources employees accountable for engaging in conduct prohibited under Title VII or this Decree;

      c.     A clear explanation of employees' rights and responsibilities under the Title VII and this Decree, including that federal law requires Defendant to provide a workplace free of racial harassment and discrimination;

      d.     A clear explanation of prohibited discriminatory conduct on the basis of race, including examples;

      e.     Assurance that complaints of racial harassment or discrimination made by employees will be taken seriously and effectively addressed in a timely manner;

      f.     A clearly described process for submitting complaints of racial harassment or discrimination. That process shall include:

      i.     Investigation and resolution of all complaints of discrimination, harassment and retaliation, by Defendant's employees, in a timely and effective manner;

      ii.     Tracking and collection of all complaints of discrimination, harassment, and retaliation;

      iii.     Retention of records regarding resolution of all complaints;

      iv.     Establishing or engaging a service to provide a toll-free complaint hotline that Defendant will track. The Monitor shall have access to all tracking records and call logs.

      g.     Assurance that Defendant will provide a prompt, thorough and impartial investigation, including interviews of all relevant witnesses and the complainant and a review of all relevant evidence;

      h.     Assurance that no complainant shall be required to confront his or her accuser and that the identity of the complainant and nature of the investigation shall be kept confidential to the fullest extent possible;

      i.     Assurance that an employee who make complaints of discrimination or who provides information related to such complaints are protected against retaliation;

j.    A requirement that any employee in a supervisory position who receives a complaint of racial harassment or discrimination, whether formal or informal, written or verbal, report such complaint to Defendant's human resources department within 48 hours of receiving said complaint;

k.    A clear explanation of the duties of supervisory and human resources employees have to quickly and effectively respond to claims of racial harassment and discrimination;

l.    Assurance that all management, supervisory, lead and human resources employees who fail to take appropriate action to address discrimination, harassment, or retaliation will be held accountable;

m    A clear requirement that Defendant, specifically Defendant's employees or human resource personnel, shall advise the complaining employee that it will investigate the employee's complaint and implement a proportionate remedial measure;

n.    An explanation that the internal complaint procedure does not replace the right of any employee to file a charge or complaint of discrimination, harassment or retaliation under any available municipal, state, or federal law. The procedures shall provide contact information for EEOC and state and local Fair Employment Practice (FEP) agencies; and

o.    Publication to Defendant's employees of the EEOC complaint line of (800) 669-4000.

Defendant will provide to the EEOC a copy of all policies and procedures related to racial harassment and racial discrimination. Defendant shall submit to the Commission a statement confirming distribution of the Policy.

For each new managerial or non-managerial employee working at any one of Defendant's job sites, hired after the initial distribution of the Policy described above, Defendant shall ensure that the new employee and/or manager receives the Policy within ten (10) days of employment.

D.  Training

     1.  Harassment Training

Defendant, in consultation with the Monitor, will provide training lasting at least one (1) hour in duration to all of Defendant's employees annually. The training covered and will cover Defendant's policies and procedures and federal anti-discrimination laws with an emphasis on racial discrimination, harassment and retaliation. All trainings shall be designed to effectively teach adult learners and will be conducted or supervised by the Monitor. The training will address the following:

     a.  The role and purpose of Title VII, including what constitutes unlawful discrimination, harassment and retaliation. Examples shall be given of prohibited conduct to ensure understanding by employees;

     b.  Defendant's complaint process, including but not limited to, how employees can notify Defendant of harassment, discrimination and retaliation;

     c.  Ways to prevent harassment, including racial harassment, stop bullying, bystander intervention and having respect for diversity in the workplace; and

     d.  Defendant's Policy and procedures regarding harassment, discrimination, and retaliation.

Where an employee is unable to attend the scheduled training, Defendant shall provide a live or recorded training at an alternative session covering the same issues set forth above within ten (10) days of the training. All persons required to attend such training shall verify their attendance in writing.

     2.  Training for Supervisors and other Management

On an annual basis thereafter at least until the expiration of this Decree, Defendant, in consultation with the Monitor, will provide training to all managers, all human resources personnel, any staff members who are responsible for preventing racial discrimination and any staff members who are responsible for receiving and processing complaints of racial discrimination. The training was and will be at least two (2) hours in duration and focus on Defendant's obligations and responsibilities under Title VII. The

training will address the following:

a. Unlawful racial discrimination and harassment as prohibited by Title VII;

b. Each trainee's obligations in complying with federal laws regarding employment discrimination on the basis of race and retaliation;

c. The kind of conduct that constitutes racial discrimination, harassment and retaliation, including examples of each;

d. Obligations under this decree, including the duties regarding the Complaint Log (Section X.E. below); and

e. How to address and report racial discrimination and retaliation complaints.

Where a managerial employee or supervisor is unable to attend the scheduled training, Defendant shall provide a training at an alternative session covering the same issues set forth above within thirty (30) days of the training. All persons required to attend such training shall verify their attendance in writing.

Contractors and subcontractors will provide written verification to Defendant and the Monitor of their compliance with workplace discrimination, harassment, and retaliation training, as required by law, within 60 days of beginning work at Defendant's worksite, or within 60 days from the Consent Decree is executed by the Court, whichever occurs later.

For Defendant's managerial employees hired or promoted after the annual training session, Defendant shall provide training of at least two (2) hours, covering the same topics set forth above, within thirty (30) days of beginning the new position. All persons required to attend such training shall verify their attendance in writing.

3. <u>Human Resources Employee Training</u>

All Human Resources employees shall receive advanced Human Resources training ("HR Training") on investigating complaints of discrimination, harassment, and retaliation; how to take preventative and corrective measures against discrimination,

harassment and retaliation; and how to recognize and stop harassment, discrimination, and retaliation. This HR Training shall be provided by the Monitor and/or through an outside provider. This HR training shall occur once each year for the term of this Decree.

4.  <u>Monitor Oversight</u>

With Defendant submitted the Monitor the trainings to be provided and an outline of the training curriculum. The training was submitted to the Monitor who shall provide feedback prior to the delivery of the trainings.

5.  <u>EEOC Oversight</u>

Within thirty (30) days after the Effective date, Defendant shall submit to the EEOC a description of the trainings to be provided and an outline of the curriculum developed for the trainees. Upon receipt, the EEOC may provide comment within thirty (30) days.

Defendant gave the EEOC a minimum of ten (10) business days advance written notice of the date, time and location of each training provided pursuant to this Decree. The written notice shall be sent via U.S. Mail to the attention of Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, California, 90012.

6.  <u>Verification of Training</u>

Within ninety (90) days after the Effective date and annually thereafter throughout the term of this Decree, Defendant shall produce to the EEOC and to the Monitor documents verifying the occurrence of all training sessions conducted as required under this Decree, including the written training materials used, a description of the training provided, a list of the individuals who conducted the training and a list of the names and job titles of attendees at each training session. In light of the current pandemic, the parties have agreed that the training can be via video or computer-based with an interactive component.

E.  <u>Recordkeeping</u>

Defendant shall work with the Monitor to establish a record-keeping procedure

that provides for the centralized tracking of discrimination, harassment and retaliation complaints and the monitoring of such complaints to prevent retaliation at all of its jobsites regarding all of its employees. The records to be maintained shall include:

1. All documents generated in connection with any complaint, including documents relating to all investigations or resolutions of any complaints and the identities of all witnesses identified by the complainant and/or through Defendant's investigation;

2. A summary of all calls to the toll-free hotline that Defendant established for complaints, all investigations conducted in response and a copy of all documents generated in relation to those complaints and investigations;

3. All forms acknowledging employees' receipt of Defendant's revised anti-discrimination, anti-harassment and anti-retaliation policy;

4. All documents verifying the occurrence of all training sessions and names and positions of all attendees for each session as required under this Decree;

5. All documents generated in connection with the monitoring, counseling and disciplining of employees whom Defendant determined to have engaged in behavior that may be discriminatory, harassing and/or retaliatory;

6. All documents generated in connection with Defendant's confidential follow-up inquiries into whether any complainant believes he or she has been retaliated against;

7. All documents generated in connection with the establishment or review of performance evaluation measures for leads, supervisors and managers; and

8. Documents related to communication with contractors/subcontractors related to terms under the Decree.

F.  Reporting

1. Defendant, through its EEO Monitor, will submit to the EEOC an initial report containing:

a.  A copy of its anti-discrimination, anti-harassment and anti-retaliation policy, including the final complaint procedures;

b.       A summary of the procedures and record-keeping methods developed with the Monitor for centralized tracking of discrimination, harassment and retaliation complaints and the monitoring of such complaints;

c.       A statement confirming that the required notices pertaining to this Decree and the revised anti-discrimination, anti-harassment and anti-retaliation Policy have been posted; and

d.       A statement confirming all required training has been completed.

2.       Defendant, through its EEO Monitor shall provide the following reports annually throughout the term of this Decree:

a.       Compliance with Section X;

b.       Verification of training since the previous report;

c.       Acknowledgements of receipt of the Policy for all employees hired since the previous report;

d.       A description of all racial discrimination, harassment and retaliation complaints made, investigated or resolved in the previous year; the nature of the complaint; the dates of the alleged harassment or retaliation; and a brief summary of how each complaint was investigated and resolved. If no results have been reached as of the time of the report, the result shall be included in the next report.

e.       Verification that the Notice Posting requirement as set forth in Section E is in full compliance throughout the duration of the Decree;

f.       The status of Defendant's compliance with the terms of the Decree; and;

g.       Whether any revisions of Defendant's policies and procedures regarding racial discrimination, racial harassment, and retaliation took place since the preceding report, including a copy of the revised policies or procedures.

# XI.

## COSTS OF ADMINISTRATION AND IMPLEMENTATION
## OF CONSENT DECREE

Defendant shall bear all costs associated with its administration and implementation of its obligations under this Consent Decree.

# XII.

## COSTS AND ATTORNEYS' FEES

Each party shall bear its own costs and attorneys' fees associated with the EEOC's Complaint and this Decree.

# XIII.

## MISCELLANEOUS PROVISIONS

A.      During the term of this Consent Decree, Defendant shall provide any potential successor-in-interest with a copy of this Consent Decree within a reasonable time of not less than thirty (30) days prior to the execution of any agreement for acquisition or assumption of control of any or all of Defendant's facilities, or any other material change in corporate structure, and shall simultaneously inform the EEOC of same.

B.      During the term of this Consent Decree, Defendant shall assure that each of its directors, officers, human resources personnel, managers and supervisors are aware of any term(s) of this Decree which may be related to his/her job duties. Defendant shall communicate with contractors to ensure they are aware of their Title VII obligations.

C.      Unless otherwise stated, all notices, reports and correspondence required under this Decree shall be delivered to the attention of Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, CA, 90012; facsimile number (213) 894-1301.

D.      The Parties agree to entry of this Decree and judgment subject to final approval by the Court. All parties, through the undersigned, respectfully apply for and consent to this entry of this Consent Decree Order.

## XIV.

## **COUNTERPARTS AND FACSIMILE SIGNATURES**

This Decree may be signed in counterparts. A facsimile signature shall have the same force and effect of an original signature or copy thereof.

All parties, through the undersigned, respectfully apply for and consent to the entry of this Decree as an Order of this Court.

## **ORDER**

The provisions of the foregoing Consent Decree are hereby approved and compliance with all provisions thereof is HEREBY ORDERED.

Date:  May 12, 2021

_Mark C. Scarsi_
The Honorable Mark C. Scarsi
United States District Court Judge